IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIDNEY L. COLEMAN,

               Plaintiff,

v.

LT. MIKULA, B. BAILEY, TERRIE VANN-WARD,
and NICOLE SARBACKER,

               Defendants.

ORDER

18-cv-732-jdp

---

Plaintiff Sidney L. Coleman, appearing pro se, alleges that officials at the Dane County Jail denied him medication for mental health problems when he was housed there. Defendants have filed a motion to dismiss the case for Coleman's failure to prosecute it. Dkt. 30. They say that Coleman is unwilling to authorize the release of mental health treatment and pharmacy records, which defendants need to defend against Coleman's claims.

In his response, Coleman says that he did cooperate with defendants' requests for material reasonably related to his claims. He objected to some of the material requested, such as his criminal history, employment records, and information about any other lawsuits he has previously filed.

The parties seem to be talking past each other to a certain extent. It was initially unclear whether defendants sought a broader range of information like criminal and employment history. Those types of information would more appropriately be the subject of a motion to compel discovery, with defendants justifying each particular request.

In their reply, defendants narrow the scope of requested information: they ask only for Coleman to disclose the identity of pharmacies he recently visited and authorize the release of pharmacy information. This information is clearly relevant to this lawsuit about the alleged

denial of medication: defendants have the right to learn more about Coleman's medical history, particularly the medications he took shortly before the events of the case.

I will not force Coleman to sign any of the authorizations—if he would rather maintain the privacy of his medical information, he is free do so. But if that is his choice, he won't be able to continue with this lawsuit, because it would be unfair to defendants to force them to defend against Coleman's claims without this information. Defendants suggest that Coleman be given a 21-day deadline to provide the relevant information. I agree that this is an appropriate solution. I will give Coleman a short time to either provide defendants with the pharmacy information and authorizations or inform the court that he wishes to voluntarily dismiss the case.

## ORDER

IT IS ORDERED that:

1. Defendants' motion regarding plaintiff Sidney L. Coleman's disclosure of pharmacy information, Dkt. 30, is GRANTED in part.

2. Plaintiff may have until May 28, 2019, to respond to this order as discussed above.

Entered April 26, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge